GRUENDER, Circuit Judge,
concurring.
I concur in the judgment of the Court, but wish to emphasize that the corrections officers were justified in using some force to restore discipline due to Johnson’s initial resistance. Johnson testified in her deposition that she stepped in front of Sergeant Blaukat and told him not to touch her sister, that Blaukat responded by telling Johnson to move and that he was not going to hurt Laura, and that Johnson refused to comply. Accordingly, I see no error in the district court’s statement that Johnson “clearly tried to step in and physically prevent the officers from doing their job.” Because Johnson stepped in front of an officer during a tense situation and failed to comply with his verbal order, the corrections officers were justified in using some level of force in order to control the situation. Cf. Hickey v. Reeder, 12 F.3d 754, 759 (8th Cir.1993) (“Our review of the law shows that summary applications of force are constitutionally permissible when prison security and order ... has been placed in jeopardy.”).
I find that summary judgment was not appropriate in this case because there are genuine issues of material fact regarding what happened after the initial use of force against Johnson. As the Court found, there are disputed issues of material fact as to whether Johnson continued to resist and whether the force applied was excessive. See Whitley v. Albers, 475 U.S. 312, 321, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (describing as a relevant factor the relationship between the need for force and the amount of force used). Thus, a rational jury could find an Eighth Amendment violation after determining these facts.